JOHN H. CREAGER ET AL.

v.

WILLIAM BLANK.

*Practice—Waiver of Opening Argument—Instructions:*

1.   Where plaintiff's counsel waives the opening argument and the defendant's counsel thereupon waives argument, it is proper for the court to refuse plaintiff's counsel the right to address the jury.

2.   Where one question in issue was as to the terms of a contract of sale of tread power and stave cutter, the court, upon the case as presented, properly refused to instruct the jury that any statement made by one of the contracting parties after the sale, would not bind him nor affect the validity of the original contract.

[ Opinion filed  December 16, 1889.]

APPEAL from the Circuit Court of Du Page County; the Hon. C. W. UPTON, Judge, presiding.

Messrs. E. H. GARY and G. W. BROWN, for appellants.

Messrs. BOTSFORD & WAYNE, for appellee.

LACEY, J.   This suit was brought by the appellants against

the appellee to recover the price of a certain stock cutter
tread power machine, called a " Gray tread power" stave
cutter, claimed to have been sold by the appellants to the
appellee for the sum of $222. On the trial, which was had
before the court and a jury, the contention was on the part of
the appellee, that he only took the machine on trial to pur-
chase it if it suited him, and, after giving it a trial, it did not
suit him, and that he offered to return the machine, which
the appellants refused to accept. On the other hand, the
appellants insisted and attempted to establish that the sale
was absolute if it worked as well as the machine of the same
kind sold to Barber, and that appellee had no power under the
contract of sale to return the machine if it worked as well as
Barber's, which it is claimed it did. This matter of fact at
issue before the jury was sharply contested, and in support of
the appellants' contention, appellant Creager testified fully
in support of his side, corroborated more or less clearly by
Henry Barber, the owner of the other machine, who was
present at the sale, Charles B. Gorham, Ed. McFarland, Wm.
Hensel, and the other appellant, Bartholomew.

On the side of the defense were the appellee and his son, who
was a man grown, twenty-six years of age, who contradicted
the appellant Creager and his witnesses as to the terms of the
contract and testified to it as insisted on by appellee. The
defense was corroborated by the witnesses J. A. Keeley,
Fred Grant and Wm. Phillips.

The jury decided in favor of the appellee, on the evidence,
and we can not hold, after a review of the entire evidence,
that the verdict was so manifestly against its weight as to
require a reversal. We therefore decline to reverse on the
ground that the verdict was contrary to the evidence.

At the close of the evidence the counsel for appellants
announced to the court that he waived the opening argument
in the case. The defendant's counsel then insisted that if
appellants waived the opening argument, the appellee could
waive any argument, and the case should go 'to the jury
without argument. The court then held that the appellants'
counsel could proceed with the argument, if they desired,

Creager v. Blank.

with the right of defendant's counsel to follow and appellants' counsel to close the argument, but appellants' counsel waived the opening argument, and defendant's counsel waived argument, and appellants' counsel then asked leave of the court to make closing argument, which the court refused, to which ruling of the court the counsel for appellants excepted. This action of the court is now assigned here for error; we do not think the assignment is well taken. The two principal arguments having been voluntarily waived, there was nothing left for the counsel for appellants to reply to. The purpose of a reply argument is to explain or refute anything that may have been erroneously said or improperly argued by defendant's counsel. Its office is simply that of a reply, and it would not be proper for the counsel for appellants to argue the case in chief in a reply argument. It has been the uniform practice in the Circuit Courts of this State, so far as we are advised, to refuse a reply argument where the argument in chief and the defendant's reply have been waived. The court also took the precaution to fully inform the appellants' counsel what the ruling would be before he waived the argument in chief, so that there can be no claim of surprise. The ruling of the court, as we think, was correct.

One other cause for error is assigned, and that is the refusal of the court to instruct the jury on the part of appellants that "any statement of Creager, if made subsequently to the time the bargain was concluded, that he would make the cutter and power satisfactory to the defendant, would not bind the plaintiffs, nor affect the validity of the original contract."

Without some explanation it would have been improper to give the above instruction. While it is true, as a matter of law, that a mere statement by one of the contracting parties, after the making of the contract, out of the presence of the other party, and to an indifferent person, would not of itself have the effect to change the contract already made, yet it may have been exceedingly strong evidence in the minds of the jury, as showing what the original contract in fact was, and, no doubt, it was the purpose of the appellee to corrobo-

rate his own testimony by these admissions on the part of one of the plaintiffs.   The instruction as offered was well calculated to mislead the jury and induce it to discard for all purposes the admissions of Creager, alluded to.   The latter part of  the instruction, which reads, "nor affect the validity of the original contract," has an apparent assumption in it that the contract made was as the appellants contended, which was the very question at issue.   The instruction refused was well calculated to impress the jury with the idea that the evidence, as it bore on the question at issue, had no effect and should be discarded.

The court committed no error in refusing it.   Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*

Judge Upton, having tried the case below, took no part in the decision here.